# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RADCLIFFE BANCROFT LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1970 (RC) |
| | ) | |
| SENIOR JUDGES, | ) | |
| D.C. SUPERIOR COURT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Radcliffe Bancroft Lewis's petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Pet.") and his motion for a temporary restraining order ("Pet'r's Mot."). For the reasons discussed below, the Court will deny both.

Petitioner has been charged with a misdemeanor offense, and the matter is pending in the Superior Court of the District of Columbia. *See* Pet., Ex. (Information, DCTN U14025771, dated August 20, 2014). Apparently questions arose as to petitioner's mental competence to stand trial or to plead guilty in the case, and a Superior Court judge ordered that he undergo competency screening. *See id.*, Ex. (Mental Examination Information Sheet, Case No. 14 CMD 14568, dated August 20, 2014). Nevertheless, petitioner was released on his own recognizance with instructions to stay away from the place where the alleged crime occurred. *Id.*, Ex. (Release Order Addendum, Crim. No. 2014 CMD 14568, dated August 27, 2014).

1

Petitioner was ordered to undergo a preliminary screening examination performed by a psychiatrist or psychologist with the Department of Mental Health on an outpatient basis. *Id*., Ex. (Order for Preliminary Screening to Determine Defendant's Competency, Case No. 2014 CMD 14568, dated November 12, 2014). According to petitioner, "[o]n Thursday, November 20, 2014, [he] attended a mental screening session as ordered, but refused to participate because []Dr. Rohrer refused to identify who she worked for." Pet'r's Mot. ¶ 9; *see id*., Ex. (Lewis Decl.) ¶¶ 1-6, 13-26. Apparently the clinical psychologist to whom the matter was assigned did not answer to petitioner's satisfaction the questions he put to her about her credentials, and "[t]hus, the examination was not conducted." *Id*., Ex. (Letter to the Clerk, Criminal Division, from Jennifer M. Roher, Ph.D., Licensed Clinical Psychologist, Department of Behavioral Health, dated November 20, 2014) at 1. Based on petitioner's "current presentation (i.e., paranoid and hostile)" and "evidence of delusions of a persecutory nature," Dr. Roher opined that petitioner "remain[ed] incompetent to stand trial due to his delusional belief system" and recommended that a full competency examination be conducted. *Id*., Ex. (Letter to the Clerk, Criminal Division) at 1-2.

Petitioner was to return to court on November 21, 2014. *See* Pet., Ex. (Notice to Return to Court, Case No. 2014 CMD 14568, dated November 12, 2014, and Letter to petitioner from Pretrial Services Agency for the District of Columbia dated November 13, 2014). He did not appear, however. Petitioner apparently "detected entrapment where upon entering the courtroom on November 21, 2014, no matter how cordial or accommodating he may try to be with a court operating outside of its jurisdiction, [petitioner] was subject to being declared mentally

2

incompetent, and subject to 'full competency examination preceded by treatment' whatever that 'treatment' may be." Pet'r's Mot. ¶ 9.

Petitioner brings this action under 28 U.S.C. § 2241.  He seeks a writ of habeas corpus directing the "D.C. Superior Court [to] Cease & Desist from subjecting [him] to threats and or seizure on the baseless allegation that he is 'delusional.'" Pet. at 9.  He also requests a temporary restraining order to "keep [him] from being harmed by the District of Columbia under the guise of 'mental services' and enable [him] to engage . . . the criminal court without trepidation." Pet'r's Mot. at 1.  "Without a temporary restraining order granted, [petitioner states that he] is under threat of irreparable harm." *Id*.

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)).  This is such an action.  "It is well-settled . . . that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Miranda v. Gonzales*, 173 F. App'x 840 (D.C. Cir.) (per curiam) (citation omitted), *cert. denied*, 549 U.S. 889 (2006); *see Smith v. Holder*, No. 14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014), *aff'd*, 561 F. App'x 12 (D.C. Cir. June 16, 2014) (per curiam) (noting appellant's failure to "show[] that the district court erred in dismissing his challenge to pending District of Columbia criminal proceedings under the abstention doctrine of *Younger v. Harris*"); *Reed v. Wainwright*, No. 10-0807, 2010 WL

1980170, at *1 (D.D.C. 2010) ("This Court not only lacks the authority to overturn a decision of a Superior Court judge, but also refrains from interfering with ongoing Superior Court proceedings."); *Reed v. Caulfield*, No. 09-2053, 2009 WL 3706827, at *1 (D.D.C. Oct. 30, 2009) (dismissing habeas petition filed by pretrial detainee facing criminal trial in Superior Court); *Williams v. Warden, Central Detention Facility*, 538 F. Supp. 2d 74, 77-78 (D.D.C. 2008) (dismissing habeas petition alleging prosecutorial misconduct and constitutional violations which "may be properly resolved in the Superior Court trial proceedings," as "[j]ustice is . . . best served by this court respecting comity and allowing the petitioner to present the merits of the case to the Superior Court for resolution."); *see also Bannum, Inc. v. District of Columbia*, 433 F. Supp. 2d 1, 2-3 (D.D.C. 2006) (declining to issue temporary restraining order which would, in effect, vacate a Superior Court order).

Petitioner's criminal case has hardly begun, and he is not without a remedy at law in the District of Columbia courts if the criminal case against him were to proceed. He may raise a challenge to the Superior Court's jurisdiction -- or any other constitutional claim he believes he has -- in the Superior Court;if he is dissatisfied, he may pursue an appeal to the District of Columbia Court of Appeals, and from there an appeal to the Supreme Court of the United States. *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004) (footnotes omitted); *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (noting that "a person asserting a constitutional challenge to criminal process has been thought to have an adequate non-injunctive remedy; he may raise his constitutional claim as a defense in the state criminal proceedings, once initiated"). Furthermore, the only injury petitioner stands to suffer arises from the criminal

prosecution itself, and this alone does not warrant federal intervention. *Cf. Younger*, 401 U.S. at 49 ("[T]he injury that Harris faces is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . and therefore under the settled doctrine we have already described he is not entitled to equitable relief . . . .") (citation and internal quotation marks omitted).

Given "the fundamental policy against federal interference with state criminal prosecutions" absent a showing of irreparable injury that is "both great and immediate," *id*. at 46, this Court, finding no such harm shown, will dismiss the instant action and deny petitioner's motion for injunctive relief as moot. An Order accompanies this Memorandum Opinion.


DATE:  December 2, 2014                    /s/
                                           RUDOLPH CONTRERAS
                                           United States District Judge